IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUEEN AKHENATEN II MONTGOMERY BEY, § § | |
| PLAINTIFF, § § | |
| v. § | CIVIL CASE NO. 3:24-CV-1810-E-BK |
| § | |
| JULI LUKE, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On July 15, 2024, Plaintiff Queen Akhenaten II Montgomery Bey, a Texas resident and self-proclaimed "Moorish American" sovereign national, filed a complaint against Juli Luke, a Denton County Clerk. Doc. 3 at 1. The complaint is inartfully pled, difficult to decipher and largely nonsensical. As part of her complaint, Bey includes a June 10, 2024 letter to the State Commission on Judicial Conduct, in which she complains about "real property documents" she delivered to the Denton County Clerk "with due diligence to correct and rectify the rights of my due process rights secured under the first national constitution fold of government." *Id.* at 2. Bey asserts the Denton County Clerk failed "to respond to the Notice of Adverse of Claim Title"

and failed "to contact me to give me a reiceipt [sic] that I filed although scanned in the system she had one day to do the communication to me according to Chapter 699 Section 195.004 Notice of Confirmation" *Id.* at 1; *see also id.* at 3. She also complains her "true nationality and possessions of the present Moroccan Empire" were dismissed based on "discriminatory behavior." *Id.* at 2. The attachments to her complaint include documents purportedly of the "Moorish National Republic Federal Government" or "Moorish National Federal Government," and selections from the Constitution, various state statutory and UCC provisions, and sources pertaining to geographical surveys. *See id.* at 7-36.

In her Civil Cover Sheet, Bey checks the box indicating diversity jurisdiction. Doc. 3 at 37. Bey also checks the box "All Other Real Property" for the nature of suit and describes the cause of action as follows: "Person knows of the Adverse of Claim and failure to respond." *Id.* By separate filing, Bey seeks $2 million in damages in this action. *See* Doc. 7 at 1.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a

federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Bey has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Bey's complaint, however, contains no factual allegations that support federal question jurisdiction. As noted, the complaint relates to her efforts to file "real property documents" with a county clerk. *See* Doc. 3 at 1-2. And Bey's fleeting mention of "discriminatory behavior" by a "certain someone" is insufficient to invoke the Court's federal question jurisdiction. *Id.* at 2; *see also Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, Bey's complaint, including the assertion in the Civil Cover Sheet that the Defendant is located in Texas, apparently defeats subject matter jurisdiction on the basis of diversity. Doc. 3 at 37; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction and Bey cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that Bey may be attempting to assert. *See* 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint before dismissal, but leave is not required when they have already pled their "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Bey's complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, Bey's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 17, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).